CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rory Chavez,** | Case No. |
| Plaintiff, | **Complaint for Injunctive Relief and Damages for Violations of:** |
| v. | |
| **County of Ventura;** and Does 1-10, | 1. Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 *et seq.*; |
| Defendants. | 2. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and |
| | 3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq.* |

### INTRODUCTION

1.     Plaintiff Rory Chavez ("Plaintiff"), an individual with physical disabilities who uses a wheelchair for mobility, brings the instant action alleging that Defendants County of Ventura ("County") and Does 1-10 (collectively, "Defendants") have discriminated against him on the basis of his disability in violation of federal and state anti-discrimination statutes.

2.     Specifically, Plaintiff alleges that the Defendants have failed and/or refused to properly construct, alter, maintain, and/or operate the public facilities at the Kenney Grove Regional Park ("Park") such that those facilities are inaccessible to him as a wheelchair user.

3.     As a result of Defendants' failure to ensure the accessibility of the public facilities at the Park, Plaintiff has been denied full and equal access to the services, programs, and activities offered by Defendants at the Park and has suffered, and will continue to suffer difficulty, discomfort, and embarrassment, all to his damage.

4.     Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to make the public facilities at the Park accessible to and usable by him as a wheelchair user and provide him full and equal access to the services, programs, and activities offered at the Park as required by law.

5.     Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing his civil rights.

## JURISDICTION & VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act ("ADA").

7.     Pursuant to pendent jurisdiction, attendant and related causes of action arising from the same facts are also brought under the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. and the Disabled Persons Act, Cal. Civ. Code § 54 *et seq*., both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f), 54(c) and 54.1(d).

8.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**PARTIES**

9.     Plaintiff Rory Chavez is an individual and resident of California.

10.     Defendant County of Ventura is, and at all times relevant herein was, a political subdivision of the State of California.

11.     Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

12.     Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**FACTUAL ALLEGATIONS**

13.     Plaintiff is, and at all times relevant herein was an individual with physical impairments that significantly limit his mobility.

14.     Plaintiff is paralyzed.

15.     Plaintiff cannot walk and utilizes a wheelchair for mobility.

Complaint

16.  At all times relevant herein, the County owned, operated, controlled and maintained the public facilities of the Kenney Grove Regional Park located at 823 North Oak Avenue, in the City of Fillmore.

17.  The Park provides variety of services, programs, and activities to members of the public including picnic and camping.

18.  The Park's facilities and amenities include restrooms, showers, picnic tables, barbecues, fire rings, playground, horseshoe pits, ball field and amphitheater.

19.  Plaintiff has visited the Park for "day use" with his family and friends on a number of occasions over the last two years, including but not limited to September 14, 2019.

20.  On these occasions, Plaintiff personally encountered a number of physical barriers that prevented his access to and use and enjoyment of the facilities there. Among other things:

21.  <u>Parking Barriers</u>: There were no designated accessible parking spaces in the Park's parking lot. Plaintiff's vehicle had to be stopped in the middle of the lot, in vehicular lanes, so Claimant could exit and enter his vehicle.

22.  <u>Lack of Accessible Routes / Walking Surfaces</u>: The Park lacks firm, stable and slip resistant walking surfaces. The surfaces leading to the various facilities and amenities at the Park consist of loose dirt, grass and/or gravel, sloped surfaces and unramped steps. As the result of these barriers Plaintiff was caused difficulty, discomfort and embarrassment by being forced to ride his wheelchair on the grass and on unstable dirt or gravel areas.

23.  <u>Restroom Barriers</u>: The restroom serving the day use area and closest to the parking lot ("Restroom") is not accessible to wheelchair users. It is neither configured to accommodate wheelchair users nor sited on an accessible route. Plaintiff's wheelchair could not fit into any of the stalls

4

provided in the Restroom so Plaintiff had to have a relative stand guard to prevent other people from entering while he relieved himself in a corner.

24.    The Restroom did not provide notice, via directional signage or otherwise, to alert members of the public of the location of accessible restroom facilities elsewhere in the Park (assuming any existed). Nor did the County's website provide any information regarding the availability and location of accessible restrooms (assuming any existed).

25.    On information and belief, there was another restroom facility at the Park designated as "accessible" at the time of Plaintiff's visits (hereinafter the "Second Restroom").

26.    The Second Restroom is not, in fact, accessible.

27.    The Second Restroom is not located on an accessible route and the maneuvering clearances at the entrance door are insufficient.

28.    Additionally, the signage at the Second Restroom is a wheelchair image carved in a piece of wood. This does not comply with federal and state standards.

29.    On information and belief, the interior of the Second Restroom also does not comply with accessibility standards in that it is not properly configured for use by wheelchair users.

30.    As the result of the inaccessible public facilities at the Park, Plaintiff was caused to experience difficulty, discomfort, embarrassment, frustration, anxiety, fear, and inconvenience.

31.    On information and belief, there are additional access barriers and discriminatory policies in operation at the Park which, unless removed and/or modified, will prevent and deter Plaintiff from visiting the Park, and will continue to deny him full and equal access to and use of the services, programs and activities offered by Defendants to the general public at and

Complaint

through the Park. Plaintiff will seek to amend him Complaint once these additional barriers are identified through a noticed site inspection.

32.    On information and belief, the public facilities at the Park have undergone construction and/or alteration since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24.  Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

33.    On information and belief, the public facilities at the Park have undergone construction and/or alterations since January 26, 1992 triggering applicability of ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. D. Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

34.    Plaintiff plans to visit the Park in the future but is prevented and deterred from doing so because of his knowledge of the barriers that exist there and in light of his prior experiences.

35.    On information and belief the barriers described herein continue to exist, unabated, at the Park.

36.    Until the barriers to the accessibility of the public facilities of the Park are removed and Defendants' unlawful and discriminatory policies and practices regarding the construction, alteration, and/or maintenance of the public facilities at the Park are modified, Plaintiff will continue to be denied full and equal access to Defendants' services, programs and activities, and will suffer ongoing discrimination and damages as a result.

37.    The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

38.    Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford

adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of his civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

## GOVERNMENT CLAIM FILED
### *(With regard to claims for damages under California State Law)*

39.   Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the County on or about September 30, 2019.

40.   As part of Plaintiff's claim, he requested that the County remedy the accessibility barriers described herein.

41.   Plaintiff's claim was confirmed as received by the County but rejected as a matter of law.

## FIRST CAUSE OF ACTION
### Title II of the Americans with Disabilities Act
### 42 U.S.C. §12132 *et seq.*

42.   Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

43.   Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

44.   Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

45.   The County is a public entity as defined by the laws of the State of California and has fifty (50) or more employees.

Complaint

46.     The County is, and at all times relevant herein was, a public entity within the meaning of Title II of the ADA. 42 U.S.C. § 12131(1).

47.     Maintaining and operating the Park is a program, service, and/or activity of the County.

48.     Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42 U.S.C. § 12131(2). As a member of the public, Plaintiff meets the essential eligibility requirements for the use of the facilities and amenities at the Park.

49.     Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of the public facilities at the Park in violation of Title II and its implementing regulations. Defendants' discriminatory conduct includes, *inter alia*:

    a. Failing to operate the Park so that they it is "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a));

    b. Failing to design, construct and/or alter the Park in a manner such that they it is readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

    c. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));

    d. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public that is not equal to

Complaint

that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

e. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving its aids, benefits, or services (28 C.F.R. § 35.130(b)(1)(vii));

f. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i));

g. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiffs on the basis of their disability (28 C.F.R. § 35.130(b)(7));

h. Failing to maintain in operable working condition those features of facilities that are required to be readily accessible to and usable by persons with disabilities disability (28 C.F.R. § 35.133(a)); and

i. Failing to provide information as to the existence and location of accessible services, activities, and facilities at the Park (28 C.F.R. § 35.163(a).

50.     Under Title II of the ADA Defendants were required to conduct a self-evaluation of its services, policies, and practices, and the effects thereof, by no later than January 26, 1993. 28 C.F.R. § 35.105(a). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to conduct a self-evaluation of the public facilities at the Park.

51.     Under Title II of the ADA Defendants were required to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the programs at the

Park within six months of January 26, 1992. 28 C.F.R. § 35.150(d)(1). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the public facilities at the Park.

52.     Under Title II of the ADA Defendants were required to remove physical barriers that limit or deny people with disabilities access to its services, programs and activities by no later than January 26, 1995.  28 C.F.R. § 35.150(c). On information and belief, Defendants have failed, since the ADA was enacted and every year thereafter, to take appropriate measures to remove barriers to the public facilities at the Park, including barriers to the parking and public restrooms.

53.     Defendants' duties under Title II of the ADA pertaining to the accessibility of the public facilities at the Park are mandatory and long-established. Defendants had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

54.     Defendants were provided actual notice of the barriers to the parking and public restroom facilities at the Park; the impact those barriers have on Plaintiff; and their duty to remove such barriers under Title II of the ADA. Despite this notice, Defendants failed and refused to take any steps to remove the barriers or otherwise address Plaintiff's concerns. Defendants' failures in this regard constitute deliberate indifference.

55.     Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

### SECOND CAUSE OF ACTION
### Unruh Civil Rights Act
### California Civil Code § 51 *et seq.*

56.     Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

57.     The Unruh Civil Rights Act ("Unruh Act") guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

58.     The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code § 51(f).

59.     Plaintiff is, and at all times relevant herein was, a "physically disabled person" as that term is defined under California law, Cal. Gov. Code § 12926.

60.     The Park is operated like business establishments, in that their facilities are available to members of the public for pay. As such, Defendants must operate the facilities of the Park in a manner that complies with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.

61.     Defendants have violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services at the Park.

62.     Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the California state accessibility regulations and the ADA. Cal. Civ. Code, § 51(f); *Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D.Cal.1994).

63.     Defendants' duties under the Unruh Act are mandatory and long-

11

established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

64.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §52, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### California Disabled Persons Act
### California Civil Code § 54 *et seq*.
### (Statutory Damages and Attorneys' Fees Only)

65.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

66.     The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of … public facilities, and other public places." Cal. Civ. Code § 54(a).

67.     The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, … and privileges of all … places of public accommodation, and other places to which the general public is invited." Cal. Civ. Code § 54.1(a)(1).

68.     A violation of the ADA constitutes a violation of the CDPA. Cal. Civ. Code §§ 54(c) and 54.1(d).

69.     Defendants' acts and omissions, described herein, violate the rights of Plaintiff under the CDPA.  Among other things, Defendants failed to ensure that those of its public facilities at the Park constructed or altered after December 1981 conformed to the standards contained in California Code of Regulations, Title 24.

70.　Defendants have also violated the CDPA by violating the ADA.

71.　Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

## PRAYER

THEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and Unruh Act ordering Defendants to:

   a. Take the steps necessary to bring the public facilities of the Park into compliance with applicable federal and state accessibility standards and make them fully and equally accessible to and usable by individuals with disabilities; and

   b. Modify their policies to ensure compliance with new construction and alteration standards and program accessibility obligations moving forward.

   ***Note***: *Plaintiffs are* ***not*** *invoking section 55 of the California Civil Code and are* ***not*** *seeking injunctive relief under the CDPA.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

4. Award such other and further relief as the Court deems just and proper.

Dated: February 13, 2020　　　　　　Center for Disability Access


By:　/s/ Russell Handy
　　　Russell Handy, Esq.
　　　Attorneys for Plaintiff


13